762 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CURTIS L. WRENN, PLAINTIFF-APPELLANT,
v.
MYERS R. KURTZ, INDIVIDUALLY AND OFFICIAL CAPACITY, JOHN F.
HEISLER, INDIVIDUALLY AND OFFICIAL CAPACITY; STATE OF OHIO,
DEPARTMENT OF MENTAL HEALTH; ANTONIO SULIKOWSKI,
INDIVIDUALLY AND OFFICIAL CAPACITY; WALTER M. LAWSON, III,
INDIVIDUALLY AND OFFICIAL CAPACITY; AND RICHARD WEISS,
INDIVIDUALLY AND OFFICIAL CAPACITY, DEFENDANTS-APPELLEES.
 NO. 84-3228
 United States Court of Appeals, Sixth Circuit.
 3/11/85
 
 Before: ENGEL and JONES, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Curtis L. Wrenn appeals the judgment in defendants' favor in this Title VII action filed in the United States District Court for the Northern District of Ohio. Wrenn contends that the trial court erroneously granted defendants' motion for summary judgment when the undisputed facts establish an employment discrimination cause of action under disparate impact, disparate treatment, and retaliation theories.
 
 
 2
 Wrenn, a black man, served as Superintendent of the Toledo Mental Health Center ('TMHC') from December, 1979, until he was involuntarily dismissed effective January 18, 1981. This dismissal is the subject of a separate suit pending in the United States District Court for the Northern District of Ohio and was not raised as an issue here.
 
 
 3
 In the spring of 1981, appellee Ohio Department of Mental Health ('ODMH'), which supervises TMHC and other state mental health facilities, placed an advertisement in the New York Times soliciting applicants for four vacant superintendent positions, including the position Wrenn left in January, 1981. Wrenn answered this ad, but was not hired. On October 4, 1981, after receiving several inquiries from Wrenn as to the status of his application, ODMH sent Wrenn a letter informing him that he would be considered no further because of his prior discharge from TMHC. Four other persons, including one black man, were hired by ODMH to fill the vacancies.
 
 
 4
 On March 30, 1982, Wrenn filed an action against ODMH and its director in the United States District Court for the Northern District of Ohio alleging a violation of 42 U.S.C. Sec. 1981. The first amended complaint added allegations of violations of 42 U.S.C. Secs. 1983 and 1985, Title VI and Title VII, and four additional ODMH employees were named as defendants. On December 29, 1982, the district court dismissed all claims except the Title VII claim. That dismissal is not appealed. On December 15, 1983, this action was consolidated with a second case which involved the identical circumstances and which was pending before a different judge in the same district court. Both plaintiff and defendants had filed motions for summary judgment which were pending before the district court when the cases were consolidated. On February 29, 1984, the court granted defendants' motion for summary judgment and denied plaintiff's motion. This appeal followed.
 
 
 5
 On appeal, Wrenn raises three basic grounds for reversal. First, he contends that the district court erroneously held that he had not established a prima facie case of employment discrimination. Wrenn argues that ODMH's consideration of his earlier allegedly discriminatory termination in making its hiring decision establishes a prima facie Title VII case as a matter of law under theories of both disparate treatment and disparate impact. Second, Wrenn asserts that contrary to the district court's conclusions, his earlier dismissal did not constitute a legitimate, non-discriminatory reason for defendants' hiring decision. He contends that no satisfactory reason for his treatment has been shown. Finally, Wrenn alleges that defendants refused to hire him because he had previously filed charges against them with the Equal Employment Opportunity Commission and with the U. S. Office for Civil Rights. Wrenn claims that the district court, therefore, erroneously failed to find retaliatory employment discrimination.
 
 
 6
 Upon consideration, the court is of the opinion that the district court's grant of summary judgment was improvident on the state of the record before it. The trial court concluded that Wrenn was not considered for the advertised positions because of his previous discharge as superintendent of TMHC. That discharge could furnish a legitimate, non-discriminatory reason for defendants' refusal to consider him for like positions. However, such refusal would be permissible only if it were established that the prior discharge was for cause and was itself not motivated by considerations of either Wrenn's race or his participation in protected activity. While the issue of Wrenn's discharge is being litigated in another lawsuit, it was not yet been decided. An adjudication of that question in the instant suit or in the other litigation is a necessary prerequisite to any disposition of this case by summary judgment or otherwise. Accordingly,
 
 
 7
 The judgment of the district court is VACATED and the cause REMANDED for further proceedings consistent herewith.
 
 
 
 *
 Honorable S. Arthur Spiegel, Judge of the United States District Court for the Southern District of Ohio, sitting by designation